IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

| | | |
|---|---|---|
| IN RE: | : | CASE NO. 03-10844 |
| ENELIA FALU GARCIA, | : | CHAPTER 13 |
| Debtor | : | |
| R-G FINANCIAL CORPORATION, et al. | : | ADV. NO. 04-0029 |
| Plaintiffs | : | |
| v. | : | |
| ENELIA FALU GARCIA, | : | |
| Defendants | : | |

## OPINION AND ORDER

Before the court is plaintiff's motion for judgment on the pleadings and the debtor/defendant's opposition thereto. For the reasons set forth below, the motion for judgment on the pleadings is granted as to Count I of the complaint, rendering judgment on the remaining counts unnecessary.

## Background

Plaintiffs, R-G Financial Corporation, et al. ("R-G") filed the complaint commencing this adversary proceeding on August 27, 2003.[1] The plaintiffs in this action are R-G Financial Corporation, R-G Mortgage Corporation ("R-G Mortgage") and Mortgage Store of Puerto Rico, Inc. ("Mortgage Store"). R-G Financial is the holding corporation of R-G Mortgage, Mortgage Store and R-G Premier Bank of Puerto Rico.

---

[1]The case was originally filed in the United States District Court for the District of Puerto Rico and assigned case no. 03-1840; it was referred to this court on March 8, 2004.

Debtor and Champion Mortgage (now the Mortgage Store)[2] entered into a non-purchase loan transaction[3] guaranteed by real property, debtor's residence, on December 20, 2000, which was arranged by a mortgage broker known at Priority Mortgage Brokers. The loan was for the principal amount of $71,250, with an annual interest rate of 14%, and was obtained by debtor to refinance a $37,599.24 second mortgage with R-G Premier Bank of Puerto Rico and a $24,859.98 first mortgage with Banco Popular de Puerto Rico.

According to R-G, the TILA and HOEPA disclosures were delivered to debtor prior to the consummation of the loan transaction, and disclosed settlement charges in the amount of $8,580.78, which were financed as part of the loan transaction.

The Mortgage Store assigned the servicing rights of the loan to R-G Mortgage. The first monthly payment was due in February 2001, but was made along with the March payment on March 21, 2001. No other monthly payments were received until August 30, 2002. Accordingly, R-G filed a collection of money and foreclosure action against debtor in the Superior Court of Puerto Rico, Carolina part, case no. FCD 2001-1661 (405). Debtor did not answer the complaint, default judgment was entered against her, and the court ordered the public sale of the property for July 10, 2002.

Debtor filed a petition for reorganization under Chapter 13 of the Bankruptcy Code on July 9, 2002, thereby staying the public sale of the property. On July 16, 2003, debtor send a letter to R-G, alleging that Champion Mortgage failed to provide

---

[2]The Mortgage Store, R-G Mortgage and R-G Premier are creditors for Truth in Lending Act purposes.

[3]The loan was a consumer credit transaction for Truth in Lending Act purposes.

2

AO 72
(Rev. 8/82)

disclosures under TILA and HOEPA, or provided inaccurate disclosures, and seeking rescission of the loan transaction.  Specifically, debtor alleged that Champion failed to deduce prepaid finance charges from the amount of the loan principal in calculating the amount financed for TILA purposes, and did not deliver the disclosures three days in advance of consummation of the loan, in violation of 15 U.S.C. §§ 1602(u), 1638 and 1639(a).  Debtor indicated in the notice of rescission that if R-G failed to rescind the loan she would file an action for declaratory judgment, statutory and actual damages, attorney's fees and costs.

R-G answered the debtor's demand for rescission within the statutory twenty-day period by filing the instant complaint.  Count I of the complaint alleges that the debtor's attempt to rescind the loan transaction is barred by the doctrine of *res judicata* because she did not raise rescission in the commonwealth court action, nor did she appeal the default judgment entered against her.  Count II of the complaint alleges that the court should modify the three-step rescission process set out in TILA and Regulation Z by conditioning the voiding of R-G's security interest in the property on Debtor's tender of payment of the loan proceeds.  Count III of the complaint alleges that the notice of rescission did not automatically void the loan transaction.  Count IV of the complaint alleges that the debtors claims for statutory and actual damages are time barred by the TILA one-year statute of limitation, 15 U.S.C. § 1640(e).  Count V of the complaint alleges that the loan at issue is an exempted transaction pursuant to 15 U.S.C. § 1635(e)(2), which exempts transactions which constitute refinancing or consolidation with no new advances of principle.

3

AO 72
(Rev. 8/82)

Debtor/defendant filed an answer to the complaint on June 4, 2004, then filed a cross-complaint against all plaintiffs pursuant to 15 U.S.C. §§ 1635, 1639 and 1640 for multiple violations of TILA, Regulation Z and HOEPA on June 10, 2004. Count I of the counterclaim seeks actual and statutory damages for violation of HOEPA. Count II seeks to rescind the loan transaction. Debtor argues that the TILA disclosures were provided on the date of the closing of the loan transaction - December 20, 2000 - and not before that date. According to Debtor, it was disclosed that the annual percentage rate was 15.3488%, the monthly payments were $844.22, and the total settlement charges were $8,580.78. Debtor alleges the following disclosure errors:

> Failure to make an accurate disclosure pursuant to 15 U.S.C. § 1638(a)(3) by failing to include prepaid finance charges and fees in the finance charge as required by 15 U.S.C. § 1605(a).

> Failure to accurately disclose the amount financed pursuant to 15 U.S.C. § 1638(a)(2)(A) by failing to deduct all applicable prepaid finance charges from the total principal amount of the loan in order to determine the amount financed.

> Failure to accurately disclose the amount financed pursuant to 15 U.S.C. § 1638(a)(2)(A) by failing to deduct, from the total principal amount of the loan, charges and/or portions of finance charges which are excludable pursuant to Reg. Z, § 226.4(c)(7) because they do not meet the criteria of bonafide or reasonable.

> Failure to accurately disclose the annual percentage rate due to failure to include all applicable finance charges, thereby exceeding the calculation error allowance for this type of loan.

> Inaccurately disclosing the cancellation deadline for the transaction, thereby extending the deadline.

4

AO 72
(Rev. 8/82)

> Failure to properly classify the loan as a high rate mortgage within the meaning of HOEPA, 15 U.S.C. § 1602(aa)(1)(B) and Regulation Z § 226.32(a)(1)(ii), by not including all applicable finance charges, in that the total points and fees charged exceed 8% of the total loan amount. As a result of said classification, additional disclosures should have been provided three days in advance of the consummation of the transaction pursuant to 15 U.S.C. § 1639(b).
>
> Including prohibited terms and conditions in the loan transaction, namely loan prepayment penalties.

As a result of these failure, debtor alleges that she was misled as to the consequences of executing the mortgage documents, executed a mortgage with improper terms and conditions, paid inflated and unnecessary mortgage payments and has been threatened with the loss of her home through foreclosure.

Debtor further argues that, by filing the mortgage foreclosure complaint, R-G triggered the TILA provision that the tolerance for error in this type of transaction is $35 pursuant to 15 U.S.C. § 1635(I)(2). According to debtor, she did not waived the continuing right to rescind the transaction pursuant to 15 U.S.C. §§ 1635 and 1639(j), and exercised said right on July 16, 2003.

R-G answered the counterclaim on July 9, 2004. Among other arguments, they allege that the claim for damages is time barred; the alleged failures to comply with 15 U.S.C. § 1639 were not material; the alleged violates of TILA and HOEPA were *de minimis*; the extended right of rescission is not applicable in this case; R-G, as an assignee of the loan, is entitled to the limitation of damages and offset provisions of TILA found in 15 U.S.C. § 1641(d)(2) and (3); the claim for rescission is time barred; the mortgage was not a consumer credit transaction; the court should modify the statutory

5

AO 72
(Rev. 8/82)

process to condition rescission on tender of the loan proceeds; and R-G, as assignee of the loan, is not liable for damages or attorney's fees.

R-G filed a motion for judgment on the pleadings on October 15, 2004. R-G seeks declaratory judgment on these grounds; (1) the commonwealth court default judgment is *res judicata* to the issues herein; (2) the debtor's rescission claim is exempted by § 1635(e)(2); and (3) any damage claim by debtor is precluded by the one-year statute of limitations.

Debtor/defendant filed an objection to the motion for judgment on the pleadings on December 10, 2004. She argues that the doctrine of *res judicata* does not apply in this case and, even if it does, there are public policy considerations which should prevent its application in this case. Additionally, debtor argues that R-G has made contradictory allegations in their complaint, answer to the counterclaim and request for judgment on the pleadings, which prevents the entry of judgment on the pleadings.

R-G filed a reply to the debtor/defendant's opposition on March 23, 2005, reiterating their request that the counterclaim be dismissed and declaratory judgment be entered on their complaint, finding that the commonwealth court judgment is *res judicata* to debtor's TILA claim or, in the alternative, that the transaction at issue herein is exempt from TILA.

On May 20, 2005, the debtor filed an informative motion and request for stay of proceedings. The court entered an order on July 26, 2005, granting the debtor's motion and staying the adversary proceeding pending the resolution of R&G Financial v. Pedro Vergara by the United States Court of Appeals for the First Circuit. R-G filed a motion

6

for reconsideration of the court's order on August 10, 2005, which was granted by order of the court on December 21, 2005; the court deemed the matter submitted.

### Discussion

*Entry of Judgment on the Pleadings*

The Federal Rules of Civil Procedure provide for the entry of judgment on the pleadings:

> [a]fter the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings. If, on a motion for judgment on the pleadings, matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56.

Fed. R. Civ. P. 12 (c). The procedure set forth in this rule is designed to dispose of cases on the underlying merits of the parties' claims and defenses as they are set forth in the formal pleadings, when the material facts are not in dispute and judgment on the merits can be reached by considering the content of the pleadings, their exhibits and matters incorporated by reference in the pleadings, and only matters of law remain to be decided by the court. 5C Charles Alan Wright and Arthur R. Miller, Federal Practice and Procedure § 1367 (3d ed. 2004). For the purposes of deciding the Rule 12(c) motion, "all of the well pleaded factual allegations in the adversary's pleadings are assumed to be true and all contravening assertions in the movant's pleadings are taken to be false" and "the party opposing the motion has the benefit of all possible favorable assumptions." Id. at § 1368, citing Feliciano v. Rhode Island, 160 F.3d 780 (1st Cir. 1998); Rivera-Gomez v.

AO 72
(Rev. 8/82)

De Castro, 843 F.2d 631 (1st Cir. 1988); Viera-Marcano v. Ramirez-Sanchez, 224 F.Supp.2d 397 (D. P.R. 2002). "The standard for evaluating a Rule 12(c) motion for judgment on the pleadings is essentially the same as that for deciding a Rule 12(b)(6) motion. '[T]he trial court must accept all of the nonmovant's well-pleaded factual averments as true, and draw all reasonable inferences in his favor.'" Pasdon v. City of Peabody, 417 F.3d 225 (1st Cir. 2005) (citations omitted). A judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c) "may not be entered unless it appears beyond a doubt that the nonmoving party can prove no set of facts in support of her claim which would entitle her to relief." Feliciano v. Rhode Island, 160 F.3d 780, 788 (1st Cir. 1998); Gaskell v. Harvard Cooperative Society, 3 F.3d 495, 497-98 (1st Cir. 1993); International Paper Co. v. Jay, 928 F.2d 480, 482 (1st Cir. 1991).

*Res Judicata*

R-G argues that the doctrine of *res judicata* bars any and all claims that the debtor/defendant may have against R-G under TILA because she had an opportunity to participate in the commonwealth court foreclosure proceedings and should have raised her TILA violation claims as a compulsory counterclaim therein, or appealed the foreclosure judgment.

Debtor argues that the doctrine of *res judicata* does not apply herein because there is not identity of parties in that the foreclosure action before the commonwealth court was filed by R-G Mortgage (not R-G Financial, nor the Mortgage Store), while, in their answer to the counterclaim, R-G Mortgage and R-G Financial denied having acquired the rights to the mortgage loan and the mortgage note from the Mortgage Store, and also

8

denied being the owner, holder or assignee of the loan originated by the Mortgage Store. Debtor also argues that there are public policy considerations which should bar the application of the doctrine herein.

R-G counters that their answers to the counter claims only deny the allegations therein "as alleged" and that their complaint clarifies that the Mortgage Store assigned the servicing rights of the debtor's loan to R-G Mortgage Corp. They argue that the only element of the *res judicata* doctrine which the debtor challenges is "identity of the parties" but that it is sufficient if the "real parties in interest" are the same. According to R-G, the commonwealth court foreclosure action established the existence, validity and enforceability of the mortgage loan, as well as the security interest of R-G in debtor's property.

The doctrine of *res judicata* bars parties from litigating or re-litigating any issue or claim that has already been adjudicated in a prior case. Suarez Cestero v. Pagan Rosa, 198 F.Supp.2d 73, 84 (D.P.R. 2002); Del Carmen Tirado v. Department of Education, 296 F.Supp.2d 127, 130 (D.P.R. 2003). Issues surrounding the application of the doctrine of *res judicata* arise because of the exercise of concurrent jurisdiction by state and federal courts over similar claims based upon similar facts and involving the same parties. Id. "The doctrine of *res judicata*, now called claim preclusion, forecloses litigation of all matters which have been litigated or might have been litigated in an earlier case. The rule of collateral estoppel, now termed issue preclusion, precludes re-litigation of issues actually adjudicated." Id., citing 18 Charles Alan Wright, Arthur R. Miller and Edward H. Cooper, Federal Practice and Procedure: Jurisdiction, § 4402, 4404 (1981). The

9

doctrines of *res judicata* and collateral estoppel serve important purposes; "they prevent the waste of judicial and party resources through vexatious and multiple lawsuits and encourage the rendering of consistent, reliable adjudications." Esteves v. Ortiz Alvarez, 678 F.Supp. 963, 965 (D.P.R. 1988).

The preclusive effect of a state court judgment depends upon state law. Kane v. Town of Harpswell (In re Kane), 254 F.3d 325, 328 (1st Cir. 2001), citing Cruz v. Melecio, 204 F.3d 14, 18 (1st Cir. 2000); *see also*, Suarez Cestero v. Pagan Rosa, 198 F.Supp.2d at 85 ("[I]f Puerto Rico courts would give preclusive effect to the judgment of a state court, then this Court must also give preclusive effect to said judgment."). Additionally, whether a state court judgment is final for preclusion purposes (claim or issue) is a question of state law. Federación de Maestros de Puerto Rico v; Junta de Relaciones del Trabajo de Puerto Rico, 410 F.3d 17, 22 fn. 8 (1st Cir. 2005), citing Roy v. City of Augusta, 712 F.2d 1517, 1520 (1st Cir. 1983). "In Puerto Rico, judgments can be given preclusive effect if they are final and on the merits." Suarez Cestero, 198 F.Supp.2d at 85.

"In Puerto Rico, the broader form of res judicata is applied. This means that issues which could have been litigated and adjudicated in a previous suit, as well as those actually litigated and adjudicated, cannot be relitigated in a later suit. The broad form does not extend, however, to collateral estoppel. Parties may be collaterally estopped only from litigating issues actually litigated previously." Esteves, 678 F.Supp. at 965, citing Mercado Riera v. Mercado Riera, 100 P.R.R. 939 (1972) and Schneider v. Colegio De Abogados De Puerto Rico, 670 F.Supp. 1098, 1104 (D.P.R. 1987).

10

Under Puerto Rico law, "[i]n order that the presumption of the res adjudicata may be valid in another suit, it is necessary that, between the case decided by the sentence and that in which the same is invoked, there be the most perfect identity between the things, causes, and persons of the litigants, and their capacity as such." 31 P.R. Stat. Ann. § 3343 (2002). "While the statute refers only to res judicata and "the most perfect identity between ...causes" the Supreme Court of Puerto Rico has recognized the operation of the doctrine of collateral estoppel where the issues and parties are the same." Esteves, 678 F.Supp. at 965, citing Pereira v. Hernandez, 83 P.R.R. 156, 161 n. 7 (1961).

The phrase "perfect identity" is not interpreted literally by courts in Puerto Rico. Boateng v. InterAmerican University, Inc., 210 F.3d 56, 61 (1st Cir. 2000), citing Cruz, 204 F.3d at 19; Futura Dev. Corp. v. Centex Corp., 761 F.2d 33, 43-45 (1st Cir. 1985). "Thing" refers to the object or matter over which the action is exercised. Boateng, id., citing Lausell Marzuach v. Díaz de Yañez, 3 P.R. Offic. Trans. 742, 745 (1975). "The test for identity of 'things' is whether a decision in the second action may contradict the prior adjudication." Boateng, id., citing A & P Gen. Contractors, Inc. v. Asociación Caná, 10 P.R. Offic. Trans. 987, 998 (1981). "Cause" refers to the principal basis, main ground or origin of the action or exceptions raised and decided. Id.; Esteves, 678 F.Supp. at 965, citing Lausell Marzuach. "Cause" should not be confused with the means of proof or the legal grounds of the claims of the parties. Id. "The requirement of identity of causes does not prevent the *res judicata* doctrine from being applied to a second case simply because the plaintiff alleges a new legal theory in the new case." Lugo Rodriguez v. Puerto Rico Institute of Culture, 221 F.Supp.2d 229, 237 (D.P.R. 2002). "Identity of

11

AO 72
(Rev. 8/82)

persons" may be found, even though there are some differences in the parties listed in the two actions, if the parties on each side, in each action, have identical interests. Esteves, 678 F.Supp. at 965.

To summarize, Puerto Rico law requires that the party asserting *res judicata* be capable of establishing the following elements: (a) the existence of a prior judgment on the merits which is "final and unappealable"; (b) the perfect identity of the thing or cause between both actions; and (c) the perfect identity of the parties and the capacity in which they acted. The parties agree that the default judgment in the foreclosure action is final and unappealable.[4]

As to identity of the cause of action, the court must consider whether the debtor's counterclaims herein should have been raised as counterclaims in the foreclosure proceeding. In Neca Mortgage Corp. v. A&W Dev. S.E., 137 D.P.R. 860, 867, 1995 WL 905586 (1995), the Puerto Rico Supreme Court held that if a defendant fails to file a compulsory counterclaim, said cause of action is waived and the facts and claims that constitute said cause of action are deemed adjudicated by the ensuing judgment, barring the defendant from later initiating a claim based on the same events. In those circumstances, the court held that the doctrine of *res judicata* would apply in connection with the issues that could have been raised in the counterclaim but were not. Id. Rule 11.1 of Puerto Rico's rules of civil procedure defines compulsory counterclaims as those that arise out of the same act, omission or event that motivated the complaint filed by the

---

[4]See Complaint, Count 1, ¶ 30 at p. 6 (dkt. #1). Although debtor/defendant does not specifically answer ¶30, they state in ¶ 8 that "averments [sic] number 29 is denied as alleged. We admit to not appealing it." See Answer to Complaint, ¶ 8 at p. 2 (dkt. #6).

12

adverse party.  31 P.R. Stat. Ann., Ap. III.  According to R-G, the foreclosure and collection of monies action was based on the debtor's failure to repay the mortgage loan and on R-G's failed efforts to collect from the debtor, which are the same events from which the debtor's TILA claims arise; therefore, the debtor's allegations that the lender's actions violated TILA should have been raised as compulsory counterclaims in the foreclosure proceeding and, since they were not, they are precluded from being raised again.  The court agrees.

As to debtor's claims that the parties in interest in the foreclosure proceeding and in this action are different, the court agrees with R-G that the real parties in interest, R-G and it's related corporations and subsidiaries, are the same for *res judicata* purposes.  *See* Arecibo Radio Corporation v. Commonwealth, 825 F.2d 589, 591 (1st Cir. 1987) ("Although the statute requires "perfect identity" between the actions, courts have not given this term a literal interpretation.  Res Judicata applies even though the parties differ, as long as the real parties in interest are the same."; Lugo Rodriguez, 221 F.Supp.2d 229, 238 (D.P.R. 2002) (the defense of *res judicata* is applied even when the named parties are different, as long as the real parties in interest are identical).

In Albano v. Norwest Financial Hawaii, Inc., 244 F.3d 1061, 1063 (9th Cir. 2001), the court of appeals held that the plaintiff's TILA claims were barred by the doctrine of *res judicata*, finding that they should have been raised in the state foreclosure proceedings.  In that case, the borrowers defaulted on a refinanced mortgage loan, and the lender brought a foreclosure action against them in state court.  The borrowers did not appear and the state court entered a default judgment against them, which the borrowers

13

AO 72
(Rev. 8/82)

did not appeal. Subsequently, the borrowers sought to rescind the loan transactions, alleging TILA violations, ultimately bringing an action against the bank in federal court. The district court entered summary judgment in favor of the lender, finding that the TILA claims should have been raised in the state court foreclosure proceeding. The court of appeals affirmed, concluding that the elements of *res judicata* were met; namely, there was a final state court judgment, which was not appealed, and in which the borrowers had an opportunity to participate; the borrowers and the lender were both parties to the state court foreclosure proceeding; and there was identity of issues because the TILA claims "arose out of the same loan transaction as appellee's suit and as such was a recoupment defense to diminish plaintiff's recovery." Id. at 1064.

The court agrees with R-G that the elements necessary to apply the doctrine of *res judicata* are present herein. Debtor should have raised her claims under TILA in the commonwealth court foreclosure proceedings; by not doing so, she waived any such claims.

14

AO 72
(Rev. 8/82)

## Conclusion

R-G's motion for judgment on the pleadings is granted as to Count I of the complaint, the court hereby finding that the foreclosure judgment entered by the Superior Court of the Commonwealth of Puerto Rico is *res judicata* to any TILA claims that the debtor may raise. By so finding, it is unnecessary for the court to enter judgment on the pleadings on the remaining counts of the complaint. Consequently, judgment on the pleadings is entered in favor of plaintiff, and defendant's counterclaim is hereby denied.

The clerk shall enter judgment accordingly.

SO ORDERED.

In San Juan, Puerto Rico, this 17th day of March, 2006.

_____
ENRIQUE S. LAMOUTTE
U.S. Bankruptcy Judge

15

AO 72
(Rev. 8/82)