IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

IN RE:                                          :        CASE NO. 03-10844

                                                :

ENELIA FALU GARCIA,                             :        CHAPTER 13

                                                :

    Debtor                                      :

_____                :

R-G FINANCIAL CORPORATION, et al.   :        ADV. NO. 04-0029

                                                :

    Plaintiffs                                  :        **FILED & ENTERED**

                                                :

v.                                              :

                                                :        MAY ⁼5 2006

ENELIA FALU GARCIA,                             :

                                                :        U.S. BANKRUPTCY COURT
                                                         SAN JUAN, PUERTO RICO

    Defendants                                  :

_____

## OPINION AND ORDER

Before the court is defendant's motion for reconsideration of this court's opinion and order of March 17, 2006 (dkt. #30) granting R-G Financial Corporation's ("R-G") motion for judgment on the pleadings as to Count I of the complaint, and denying the debtor's counterclaim, finding that the foreclosure judgment entered by the Superior Court of the Commonwealth of Puerto Rico is *res judicata* to any TILA claims that the debtor may raise. R-G filed an opposition to the request on April 22, 2006. For the reasons set forth below, the motion for reconsideration is denied.

### Discussion

*Motion for Reconsideration*

A "motion to reconsider" is not among the motions recognized by the Federal Rules of Civil Procedure. Jimenez v. Pabon Rodriguez (In re Pabon Rodriguez), 233 B.R. 212, 218 (Bankr. D.P.R. 1999) (citations omitted). The federal courts have

AO 72
(Rev. 8/82)

consistently stated that a motion so denominated which challenges the prior judgment on the merits will be treated as either a motion "to alter or amend" under Rule 59(e) or a motion for "relief from judgment" under Rule 60(b). Id. at 219. These two rules are distinct; they serve different purposes and produce different consequences. Which rule applies depends essentially on the time a motion is served. If a motion is served within ten days of the rendition of judgment, the motion ordinarily will fall under rule 59(e). If the motion is served after that time, it falls under Rule 60(b). Id.

In the instant case, debtor's motion was filed before judgement was entered; therefore, it may be construed as one pursuant to Fed. R. Civ. P. 59(e)[1]. That rule, made applicable to bankruptcy procedure by Fed. R. Bankr. P. 9023, authorizes the filing of a written motion to alter or amend a judgment after its entry. The motion must demonstrate the "reason why the court should reconsider its prior decision" and "must set forth facts or law of a strongly convincing nature" to induce the court to reverse its earlier decision. Pabon Rodriguez, 233 B.R. at 218 (citations omitted). The movant "must either clearly establish a manifest error of law or must present newly discovered evidence". Id. The party cannot use a Rule 59(e) motion to cure its own procedural failures or to introduce new evidence or advance arguments that could and should have been presented originally to the court. Id. Generally, when a party is made aware that a particular issue will be relevant to its case but fails to produce readily available evidence pertaining to that issue, the party may not introduce that evidence to support a Rule 59(e) motion. Id. Neither can

---

[1]This court's opinion and order was entered on July 12, 2001 (dkt. #20); Santander's motion was filed on July 23, 2001 (dkt. #22), within the time specified by Fed. R. Bankr. P. 9006.

2

the party use this motion to raise novel legal theories that it had the ability to address in first instance. Id. The federal courts have consistently stated that a motion for reconsideration of a previous order is an extraordinary remedy that must be used sparingly because of interest in finality and conservation of scarce judicial resources. Id. In practice, Fed. R. Civ. P. 59(e) motions are typically denied because of the narrow purposes for which they are intended. Id.

*The Court's Opinion and Order*

In its opinion and order, this court concluded that the elements necessary to apply the doctrine of *res judicata* were present, and therefore agreed with R-G that the debtor's claims under the Truth in Lending Act ("TILA") should have been raised in the state court foreclosure proceeding. Specifically, the court found that (1) there was a prior judgment on the merits which is "final and unappealable"[2]; (2) there was a perfect identity of cause between both actions, that is, the TILA claims were compulsory counterclaims in the foreclosure proceeding; and (3) there was perfect identity of the parties and the capacity in which they acted, that is, R-G and its related corporations and subsidiaries are the same for *res judicata* purposes.

*Debtor's TILA claims should have been raised in the state court foreclosure proceedings.*

The debtor argues that this court erred in finding that its TILA claims should have been brought in the state court foreclosure proceedings as a compulsory counterclaim, alleging that "the vast majority of cases have concluded exactly the contrary", and that the court erred in "relying heavily" on the court of appeals decision in Albano v. Norwest

---

[2]A fact on which the parties agreed; see Opinion and Order at p. 12, fn. 4.

AO 72
(Rev. 8/82)

Financial Hawaii, Inc., 244 F.3d 1061 (9th Cir. 2001) because that opinion dealt only with the application of the *res judicata* doctrine in Hawaii.

In a recent decision involving the same factual scenario[3], the United States Court of Appeals for the First Circuit held that the state court foreclosure action and the federal TILA action at issue therein "possess the perfect identity of thing or cause" required for the application of the *res judicata* doctrine under Puerto Rico law[4]. R.G. Financial Corp. v. Pedro Vergara-Nuñez, ___ F.3d ___, 2006 WL 1044187 (1st Cir. April 21, 2006) ("The foreclosure suit and [debtor's] counterclaim involve the same object or matter and share a common factual origin; both actions arise out of the loan transaction, entail a determination of the validity of that transaction, and call into question the parties' rights vis-a-vis the loan and the mortgaged premises. It would be impossible for [debtor] to prevail on his claim that the loan transaction is subject to rescission without flatly contradicting the state court's affirmation of R&G's Mortgage's right to foreclose on the encumbrance securing that loan.") Id. at 4. The court of appeals further noted that "because state courts possess concurrent jurisdiction over TILA claims, see 15 U.S.C. 1640(e), [debtor] could have asserted his counterclaim in the foreclosure proceedings", observing "[t]hat he inexplicably failed to do so is beside the point." Id.

In Vegarra the debtor argued that under Fed. R. Civ. P. 13(a) his TILA

---

[3]The court notes that both cases involve R-G Financial, represented by the same attorney; additionally, the debtor in each case is represented by the same attorney.

[4]"Puerto Rico essentially follows a transactional res judicata approach similar to that adhered to in much of the common law system." Id. citing Boateng v. InterAm. Univ., Inc., 210 F.3d 56, 61-62 (1st Cir. 2000).

4

counterclaim was permissive in the earlier foreclosure action and therefore should not be precluded by the judgment in that action, based upon a variety of federal cases holding that a lender's claim against a borrower is not a compulsory counterclaim in the borrower's TILA action. The court of appeals rejected this argument, noting that the case law relied upon involves the opposite factual situation, a critical distinction because they involve interpretations of the federal compulsory counterclaim rule. Id. at 5 ("The precedents cited by [debtor] do little to resolve whether his TILA counterclaim was compulsory or permissive vis-a-vis the foreclosure suit."). The court of appeals concluded it was not necessary to determine whether the Puerto Rico Supreme Court would deem the TILA counterclaim compulsory or permissive because "under the transactional approach generally adhered to in Puerto Rico, a final judgment against the first-action defendant typically precludes not only the later assertion of compulsory counterclaims by that party but also that party's later assertion of any other available counterclaim whose "successful prosecution in the action would nullify the initial judgment or would impair rights established in the initial action." Id. at 5.

*TILA as a statutory exception to the doctrine of res judicata*

Debtor asks this court to find that the Truth in Lending Act creates a specific exception to the doctrine of *res judicata* because its provisions contemplate that rescission should be available up until the time of the foreclosure sale, citing to 15 U.S.C. § 1635(I)(1) and (2).

In Vergara, the court of appeals rejected the same argument, agreeing with the Ninth Circuit Court of Appeals that "events other than the expiration of the three-year

5

period or the sale of the encumbered property can cut off the debtor's right of rescission." Id. at 8, citing Albano v. Norwest Fin. Haw. Inc., 244 F.3d at 1064 (obtaining a default judgment of foreclosure extinguishes the debtor's right of rescission); and Hefferman v. Britton, 882 F.2d 379, 383-384 (9th Cir. 1989) (entering into a contract to sell the encumbered property terminates the debtor's right of rescission). The First Circuit agreed with the Albano court's finding that TILA "merely sets out the right's maximum life span [and] does not affect procedural or substantive requirements that might end its existence even earlier." Vergara at 8, citing Albano, 244 F.3d at 1064, n. 2. The court of appeals notes that this result is driven by common sense, as TILA does not hint of a legislative intent to pre-empt state law preclusion rules, concluding "the entry of this preclusive judgment extinguished [debtor's] TILA right of rescission." Id. at 9.

## Conclusion

The debtor's motion for reconsideration of this court's opinion and order of March 17, 2006 is denied based upon the decision of the United States Court of Appeals for the First Circuit in R.G. Financial Corp. v. Vergara-Nunez, ___ F.3d ___, 2006 WL 1044187 (1st Cir. April 21, 2006).

SO ORDERED.

In San Juan, Puerto Rico, this 2nd day of May, 2006.

_____
ENRIQUE S. LAMOUTTE
U.S. Bankruptcy Judge

6

AO 72
(Rev. 8/82)